J-S11042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
WILLIAM EDWARD LEWIS, :
:
Appellant : No. 1468 WDA 2019

Appeal from the Judgment of Sentence Entered July 1, 2019
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001568-2011,
CP-07-CR-0002422-2008, CP-07-CR-0002424-2008,
CP-07-CR-0002438-2008

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 20, 2020**

William Edward Lewis ("Lewis") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Russell J. Montgomery, Esquire ("Attorney Montgomery"), has filed a Petition to Withdraw as counsel, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We grant counsel's Petition to Withdraw, and affirm Lewis's judgment of sentence.

Regarding docket No. CP-07-CR-0002424-2008 ("No. 2424-2008"), Lewis pled guilty to criminal trespass and terroristic threats on November 7, 2008. ***See*** 18 Pa.C.S.A. §§ 3505(a)(1)(ii), 2706(a)(1). The trial court

sentenced Lewis to a term of 3 years of probation for his conviction of criminal trespass, and 2 years of probation for the terroristic threats conviction.[1]

On the same date, Lewis pled guilty, at docket No. CP-07-0002438-2008 ("No. 2438-2008"), to escape. *See* 18 Pa.C.S.A. § 5121(a). The trial court sentenced Lewis to a term of 1 year of probation.[2]

Regarding docket No. CP-07-CR-0002422-2008 ("No. 2422-2008"), on August 14, 2009, Lewis pled guilty to arson and burglary. *See* 18 Pa.C.S.A. §§ 3301(a)(1)(i), 3502(a). The trial court sentenced Lewis to serve an aggregate term of 10 years of probation, concurrently with the probationary term he was serving at that time. Lewis was also ordered to comply with special conditions and complete treatment requirements, and to pay restitution and costs of prosecution.

On September 9, 2011, Lewis pled guilty, at docket No. CP-07-CR-0001568-2011 ("No. 1568-2011"), to prohibited offensive weapons, theft

---

[1] It is unclear whether the trial court directed these sentences to run concurrently with or consecutive to one another, as the Sentencing Order does not appear in the certified record. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (stating that "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.").

[2] Similarly, absent the Sentencing Order on this docket, it is unclear whether the trial court directed this probationary term to be served concurrently with or consecutive to the sentence imposed at No. 2424-2008.

from a motor vehicle, and possession of a small amount of marijuana. **See** 18 Pa.C.S.A. §§ 908(a), 3934; 35 P.S. § 780-113(a)(31). The trial court sentenced Lewis to an aggregate term of 2 years of probation. The trial court also directed Lewis to comply with all special conditions of probation, and to pay costs and fines.[3]

The subsequent procedural history of this case is convoluted, and includes multiple probation revocations and revocation sentencings.

Ultimately, Lewis appeared before the revocation court for a **Gagnon II**[4] hearing on April 18, 2019, based on technical violations of his probation (*i.e.*, changing his address without permission, failing to maintain regular contact with his supervising agent, and use or possession of a narcotic). During the hearing, Lewis stipulated that he was in violation of his probation. The court deferred sentencing and directed the preparation of a pre-sentence investigation report ("PSI"). During the sentencing portion of the **Gagnon II** proceedings on July 1, 2019, the revocation court addressed concerns with the PSI, and heard sentencing arguments from both the Commonwealth and defense counsel. The revocation court also reviewed the Sentencing Order with both parties and Lewis's probation officer before entering it on the record.

---

[3] The Sentencing Order does not specify whether this probationary term was to be served consecutive to or concurrently with any other probationary term he was still serving at that time.

[4] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

At No. 2422-2008, the court revoked Lewis's probation for both the burglary and arson convictions, and sentenced him to serve concurrent terms of 2 to 4 years in prison. Additionally, the revocation court determined that Lewis had already served the maximum sentences for his convictions at Nos. 2438-2008, 2424-2008, and 1568-2011, and ordered those cases closed. However, the court noted that Lewis would remain responsible for any remaining costs, fines and restitution originally imposed for his terroristic threats conviction at No. 2424-2008.

On July 11, 2019, Lewis filed a Motion for Modification of Sentence, asserting that his revocation sentence is excessive because the revocation court did not consider the relevant sentencing factors. The revocation court conducted a hearing, and subsequently entered a Memorandum Opinion and Order denying Lewis's Motion for Modification of Sentence on September 16, 2019.

J-S11042-20

On September 25, 2019, Lewis filed a Notice of Appeal at each docket,[5]

with each Notice identifying all four docket numbers.[6]  The revocation court

_____

[5] We observe that Lewis's Notice of Appeal is facially untimely, as "[a] motion to modify a sentence imposed after a revocation [of probation] … will not toll the 30-day appeal period."  Pa.R.Crim.P. 908(E); **see also id.**, cmt. (explaining that a notice of appeal must be filed within 30 days of the imposition of sentence, unless the sentencing judge expressly grants reconsideration).  However, in its July 1, 2019, Sentencing Order, the revocation court expressly stated that Lewis would have 10 days to file a post-sentence motion, and an additional 30 days to file an appeal following the entry of an order denying the motion.  Because the revocation court's misstatement of the appeal period is a "breakdown in the court's operation," we decline to quash the appeal on this basis.  **See Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (declining to quash facially untimely appeal because the sentencing court misstated the appeal period after imposing a revocation sentence).

[6] On October 17, 2019, this Court entered an Order directing Lewis to show cause why his appeal should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal." (citing Pa.R.A.P. 341)).  **See also Commonwealth v. Creese**, 216 A.3d 1142, 1144 (Pa. Super. 2019) (quashing an appeal, pursuant to **Walker**, where the appellant filed a notice of appeal at each docket number, but each notice of appeal contained multiple docket numbers).  Lewis did not file a response, and this Court discharged the show-cause Order.  Recently, this Court, sitting *en banc*, held that where separate notices of appeal are filed at each of multiple docket numbers, the inclusion of multiple docket numbers on each notice of appeal **does not** invalidate the notices of appeal.  **See Commonwealth v. Johnson**, 2020 PA Super 164, at *4 (Pa. Super. filed July 9, 2020) (*en banc*); **Commonwealth v. Larkin**, 2020 PA Super 163, at *3 (Pa. Super. filed July 9, 2020) (*en banc*).  In light of this Court's decisions in **Johnson** and **Larkin**, we decline to quash Lewis's appeal.

subsequently directed Lewis to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Lewis timely complied.[7]

We must first determine whether Attorney Montgomery has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

**Commonwealth v. Burwell**, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

---

[7] By an Order entered December 12, 2019, this Court dismissed Lewis's appeal due to counsel's failure to file an appellate brief. Counsel subsequently filed an Application to Reinstate the Appeal, which this Court granted. On December 26, 2019, counsel filed the Petition to Withdraw as Counsel and **Anders** Brief.

Additionally, the Pennsylvania Supreme Court has determined that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, Attorney Montgomery has complied with the requirements of **Anders** by indicating that he carefully and thoroughly reviewed the record, and determined that Lewis's appeal is wholly frivolous. Further, Attorney Montgomery attached to his Petition to Withdraw a copy of the letter he sent to Lewis, informing him of Attorney Montgomery's intention to withdraw, and advising him of his right to proceed *pro se*, retain alternate counsel, and file additional claims.[8]  Finally, Attorney Montgomery's **Anders** Brief meets the standards set forth in **Santiago**.  Because Attorney Montgomery has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Lewis's appeal is, in fact, wholly frivolous.

---

[8] Lewis did not file a *pro se* appellate brief, nor did he retain alternate counsel for this appeal.

In the ***Anders*** Brief, Attorney Montgomery states that Lewis wishes to challenge the discretionary aspects of his sentence. ***Anders*** Brief at 7. Lewis argues that he should have received a sentence of probation, rather than a new prison term. ***Id.*** at 5.

Lewis challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. ***See Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (quotation marks and some citations omitted).

Here, Lewis filed a timely appeal and preserved his sentencing claim in Motion for Modification of Sentence. Although we note the absence of the requisite Pa.R.A.P. 2119(f) statement in the ***Anders*** Brief, "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [Lewis's] issue is frivolous." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Attorney Montgomery states in the

*Anders* Brief that Lewis cannot show that the sentence was inappropriate or inconsistent with the fundamental norms underlying the sentencing process. *Anders* Brief at 7.

Nevertheless, we will consider the merits of Lewis's claim (*i.e.*, that he should have been sentenced to another probationary term) as part of our independent review. *See generally Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (concluding that an "[a]ppellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review."). Our standard of review is well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Id.*

> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.
>
> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation

of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is no imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P.

- 10 -

708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following the revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

During the *Gagnon II* hearing, Lewis's counsel acknowledged Lewis's life-long problem with addiction to controlled substances. N.T., 7/1/19, at 14, 15. Counsel explained that Lewis's mother had introduced him to cocaine and heroin when he was approximately 14 years old. *Id.* at 14. Additionally, counsel pointed out that Lewis had committed technical violations only, and had not been charged with new criminal offenses. *Id.*

Lewis admitted that he had attempted suicide by taking "all [of his] psych medications two weeks after [he] was home." N.T., 7/1/19, at 7. Lewis also acknowledged that his probation had been revoked, and he had been resentenced, on multiple other occasions. *Id.* at 9-10. Lewis additionally exercised his right to allocution, at which time he stated as follows:

> When I came home … I was out there working. I was not out there robbing people like my past and breaking in and hurting people[,] you know. In a way[,] I feel like I am a victim. I got hooked backed on drugs[,] you know. I am willing to change now. I know I said that many times in my life[,] and I just keep going

- 11 -

down the wrong path[,] but I am willing to do whatever. Take this shot and go in inpatient ….

*Id.* at 26.

Prior to imposing the revocation sentence, the revocation court noted that, "in the PSI[,] [] [Lewis] had made several assertions that [he] was not going to comply with any sort of counseling or treatment[,] and [he] would just max out [his] sentences." *Id.* at 19. The revocation court also indicated that Lewis's prior record would be a "huge issue in terms of getting State [Intermediate Punishment]." *Id.* at 23, 26. The revocation court stated the following on the record:

> [T]he problem with supervision is that you have to comply with all of the terms. I mean[,] your track record is pretty awful to say the least. I mean[,] your PSI is full of times that you have been revoked and resentenced in the past by other [j]udges[,] who tried to reinstate probation in an effort to give you that second and third chance….
>
> ….
>
> You had a suicide issue, and I know that you struggle with drug and alcohol addiction. The state does have things that can help you with that, but you have to want to be different. We offer you programs, but you have to want to be different.

*Id.* at 27-28.

Further, in its Opinion, the revocation court explained the reasons for imposing its sentence as follows:

> [Lewis] had almost three dozen misconducts in state prison when previously incarcerated for a period of eighteen (18) months. He engaged in obstructive and insubordinate behavior when incarcerated in a Lawrence County Prison. During these periods of incarceration, [Lewis] also refused to complete

- 12 -

recommended drug treatment plans. Instead, [Lewis] stated that he intended to "max out" his sentences. After release from incarceration and within twelve (12) days of completing a drug and alcohol evaluation for Lawrence County, [Lewis] overdosed on his psychiatric medication and was hospitalized. Approximately five[-]and[-]a[-]half months later[, Lewis] was reported by his [f]ather to be in in-patient detox and using heroin daily. The treatment provider for [Lewis] had closed out services, showing that the last contact was a "no-show" for a psychological evaluation scheduled by Lawrence County. [Lewis's] family reported ongoing concerns with his use of drugs since an overdose in June [] 2018. State Parole and Probation was unable to reach [Lewis] from July 3, 2018[,] until August 24, 2018, despite daily attempts and [Lewis] was declared an absconder. Ultimately, [Lewis] was located in February [] 2019. Found on his person at the time was a heroin kit, needles, and Narcan. His girlfriend at the time of his apprehension indicated that she had to save him numerous times from overdosing.

Further …, [Lewis] acknowledged a "life-long" addiction problem. [Lewis] confirmed his past history of unstable mental health, as well. Finally, despite the [d]efense ultimately acknowledging in its brief that [Lewis] was not eligible for the drug court program in Lawrence County and despite the benefit for the information in the PSI, [d]efense [c]ounsel still sought probation.

It is unfortunate that [Lewis's] prior record did not afford him the benefit of a State Intermediate Punishment program. However, this [c]ourt believes that [Lewis's] failure to avail himself of programming previously offered and his apparent co-occurring mental health and drug addiction issues required more than a probation sentence could provide, particularly in light of his dismal performance while on supervision in the past.

Trial Court Opinion, 10/16/19, at 7-8.

The record confirms that the revocation court was provided with sufficient information to make a fully informed sentencing decision following the revocation of Lewis's probation, and that the court adequately considered the relevant sentencing factors. Moreover, where, as here, "the sentencing

judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); **see also** N.T., 7/1/19, at 4 (wherein the trial court stated that it had reviewed the PSI prior to the hearing). Discerning no abuse of discretion by the revocation court, we will not disrupt Lewis's sentence on appeal.

Finally, our independent review of the record reveals no additional potentially meritorious claims that Lewis could raise on appeal. We therefore grant Attorney Montgomery's Petition to Withdraw, and affirm Lewis's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2020

- 14 -